**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| KNOWLEDGE HARDY,<br><br>        Plaintiff,<br><br>    vs.<br><br>INDYMAC Federal Bank, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 09-935 LJO SMS<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS AND STRIKE** (Docs. 11, 12, 14) |

**INTRODUCTION**

By notice on August 5, 2009, defendant Mortgage Electronic Registration System, Inc. ("MERS") moved to dismiss certain claims asserted by plaintiff Knowledge Hardy ("Mr. Hardy") in his first amended complaint ("FAC"), pursuant to Fed. R. Civ. P. 12(b)(6). Defendants Americas Best Home Loans ("AMHL") and Joe Gardella ("Mr. Gardella") (collectively "Americas Best") also moved to dismiss certain of Mr. Hardy's claims on August 13, 2009 and further moved to strike certain portions of Mr. Hardy's FAC pursuant to Fed. R. Civ. P. 12(f). Mr. Hardy opposed the motions to dismiss and motion to strike. MERS and Americas Best replied to the motions. This Court found these motions suitable for decision without a hearing and vacated the hearings pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court GRANTS in part and DENIES in part Americas Best's motion to dismiss, GRANTS MERS' motion to dismiss, and DENIES Americas Best's motion to strike.

# BACKGROUND[1]

Mr. Hardy's claims arise from his refinance of a loan secured by real property commonly known as 3304 Cardinal Flower Way in Modesto, California ("property"). In April 2006, Mr. Gardella, a loan officer employed by ABHL, approached Mr. Hardy and "solicited him to finance" the property. Mr. Gardella advised Mr. Hardy that he could get him the "best deal" and the "best interest rates" available on the market. Although Mr. Hardy wanted a 30-year fixed rate loan, Mr. Gardella advised Mr. Hardy that the only loan available to him was an adjustable rate loan. Mr. Gardella advised Mr. Hardy that interest rate on this adjustable rate loan "would be low and affordable."

Mr. Gardella sold Mr. Hardy a "Pick-a-Pay" loan that carried a 6.875% initial interest rate that adjusted to an almost 10% interest rate, "in a time that interest rates were falling to the lowest point in history." While there was an option to pay a 1% rate on a negative amortizing loan, Mr. Hardy was not told of the option. To qualify for the loan, Mr. Hardy provided Mr. Gardella with documentation of his current income. At the time of the loan, Mr. Hardy was a branch manager for the Plus Group, Inc., and made approximately $3200 per month.

Mr. Gardella told Mr. Hardy that "if the loan ever became unaffordable, [Mr. Hardy] would simply refinance it into an affordable loan." Mr. Gardella and ABHL failed to provide Mr. Hardy with a copy of the loan application. Mr. Hardy now believes that the loan application Mr. Gardella submitted contained false information to inflate Mr. Hardy's income and assets to qualify for the loan.

In June 2006, Mr. Hardy completed the loan on the property. Defendant Stearns Lending Inc. was the lender for the loan. The deed of trust identified MERS as "nominee for lender and lenders successors and assigns, and the beneficiary." The current payments for this loan exceed $3700 per month.

On July 24, 2009, Mr. Hardy filed his FAC to allege ten causes of action against defendants MERS, ABHL, Mr. Gardella, ,INDYMAC Federal Bank, Sterns Lending, Inc., and Quality Loan Service Corp. Specific to the instant motions to dismiss, Mr. Hardy alleges the following causes of action against MERS and Americas Best:

---

[1] The facts from the complaint are taken as true. *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

     3.     Negligence (against all defendants)
     4.     Violation of Real Estate Settlement Procedures Act, 12 U.S.C. §2605 ("RESPA") (against Americas Best);
     6.     Fraud (against all defendants)
     7.     Violation of California Business and Professions Code §17200 (against all defendants);
     8.     Breach of Contract (against Mr. Gardella)
     9.     Breach of Implied Covenant of Good Faith and Fair Dealing (against all defendants)

Americas Best moved to dismiss Mr. Hardy's fourth and sixth through ninth causes of action and to strike language in the complaint that refers to Mr. Hardy's prayer for recovery of attorneys' fees and punitive damages. MERS moved to dismiss Mr. Hardy's third, sixth, seventh, and ninth causes of action. Mr. Hardy opposed MERS' motion to dismiss on August 24, 2009. Mr. Hardy opposed Americas Best's motion to dismiss and motion to strike on August 28, 2009. MERS replied on September 3, 2009. Americas Best replied on September 8, 2009. This Court found these motions suitable for a decision without oral argument, vacated the September 10 and September 15, 2009 hearings pursuant to Local Rule 78-230(h), and issues the following ruling.

## DISCUSSION

### I.    Pleading And Fed. R. Civ. P. 12(b)(6) Motion Standards

MERS and Americas Best attack Mr. Hardy's claims as incognizable and lacking necessary elements and factual allegations, pursuant to Fed. R. Civ. P. 12(b)(6). A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the pleadings set forth in the complaint. A Fed. R. Civ. P. 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations of the complaint in question, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it

3

asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (internal citations omitted).  Thus, "bare assertions...amounting to nothing more than a 'formulaic recitation of the elements'...are not entitled to an assumption of truth." *Iqbal*, 129 S. Ct. at 1951 (quoted in *Moss v. United States Secret Serv.*, 2009 U.S. App. LEXIS 15694, *14 (9th Cir. 2009)).  A court is "free to ignore legal conclusions, unsupported conclusions, unwarranted inferences and sweeping legal conclusions cast in the form of factual allegations." *Farm Credit Services v. American State Bank*, 339 F.3d 765, 767 (8th Cir. 2003) (citation omitted).

Moreover, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, "a complaint . . . must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

With these standards in mind, this Court turns to the defendants challenges to Mr. Hardy's claims.

**II.     Americas Best's Motion to Dismiss**

    **A.     RESPA**

Americas Best moved to dismiss Mr. Hardy's (fourth) RESPA cause of action, arguing that Mr. Hardy failed to state a claim pursuant to 12 U.S.C. §2605 and Mr. Hardy's RESPA claim is barred by the statute of limitations.  In opposition, Mr. Hardy points out that his RESPA allegations against Americas Best fall within 12 U.S.C. §2607, pertaining to RESPA disclosure requirements at the time

of closing. Mr. Hardy further points out that this action was filed timely. Americas Best apparently concedes these points, as it fail to address Mr. Hardy's arguments in reply. Accordingly, Americas Best's motion to dismiss Mr. Hardy's (fourth) RESPA cause of action is denied.

**B.** **Fraud**

Americas Best moves to dismiss Mr. Hardy's (sixth) fraud cause of action. The elements of a California fraud claim are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar v. Superior Court*, 12 Cal.4th 631, 638, 49 Cal.Rptr.2d 377 (1996).

Mr. Hardy must plead allegations of fraud with particularity. Fed. R. Civ. P. 9(b) requires that "the circumstances constituting fraud or mistake shall be stated with particularity." This heightened pleading standard "requires a pleader of fraud to detail with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme." *Lancaster Cmty. Hosp. v. Antelope Valley Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Thus, "allegations of fraud must be specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (citation and internal quotations omitted).

Fed. R. Civ. P. 9(b)'s heightened pleading standard "is not an invitation to disregard Rule 8's requirement of simplicity, directness, and clarity" and "has among its purposes the avoidance of unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996). "A pleading is sufficient under Rule 9(b) if it identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 671-672 (9th Cir. 1993) (internal quotations omitted; citing *Gottreich v. San Francisco Investment Corp.*, 552 F.2d 866, 866 (9th Cir. 1997)). The Ninth Circuit Court of Appeals has explained:

> Rule 9(b) requires particularized allegations of the circumstances *constituting* fraud. The time, place and content of an alleged misrepresentation may identify the statement or the omission complained of, but these circumstances do not "constitute" fraud. The statement in question must be false to be fraudulent. Accordingly, our cases have consistently required that circumstances indicating falseness be set forth. . . . [W]e [have] observed that plaintiff must include statements regarding the time, place, and *nature* of the alleged fraudulent activities, and that "mere conclusory allegations of fraud are

> insufficient." . . . The plaintiff must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading. . . .
>
> In certain cases, to be sure, the requisite particularity might be supplied with great simplicity.

*In Re Glenfed, Inc. Securities Litigation*, 42 F.3d 1541, 1547-1548 (9th Cir. 1994) (en banc) (italics in original) *superseded by statute on other grounds as stated in Marksman Partners, L.P. v. Chantal Pharm. Corp.*, 927 F.Supp. 1297 (C.D. Cal. 1996); *see Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) ("fraud allegations must be accompanied by "the who, what, when, where, and how" of the misconduct charged).

As to multiple fraud defendants, a plaintiff "must provide each and every defendant with enough information to enable them 'to know what misrepresentations are attributable to them and what fraudulent conduct they are charged with.'" *Pegasus Holdings v. Veterinary Centers of America, Inc.*, 38 F.Supp.2d 1158, 1163 (C.D. Ca. 1998) (quoting *In re Worlds of Wonder Sec. Litig.*, 694 F.Supp. 1427, 1433 (N.D. Ca. 1988)).

Americas Best contends that Mr. Hardy fails to set forth specific allegations of fraud. Mr. Hardy counters that the FAC is full of specific allegations that Americas Best committed fraud, including the following: Mr. Hardy was induced by Mr. Gardella and Americas Best into accepting a predatory mortgage loan with unfair and deceptive terms on June 8, 2006 (FAC ¶¶25-36); Mr. Gardella represented that he could get Mr. Hardy the "best deal" and the "best interest rates" available on the market, and that he would get Mr. Hardy a fixed rate loan. (FAC ¶25); Mr. Gardella's representations were untrue because he and Americas Best sold Mr. Hardy a "Pick-a-Pay" loan that carried an interest rate of 6.875% and would adjust to almost 10% (FAC ¶26); Americas Best sold Mr. Hardy a loan that carried payments that to date have adjusted to over $3,700 per month, well exceeding underwriting guidelines and Mr. Hardy's income (FAC ¶31); Americas Best obtained Mr. Hardy's loan based on loan information that contained, without Mr. Hardy's knowledge or consent, false information and inflated income and asset figured (FAC ¶30); Americas Best provided false information on Mr. Hardy's loan application despite Mr. Hardy having provided Americas Best with full and accurate accounting and documentation of his income (FAC ¶29); America's Best failed to inform Mr. Hard about the negative amortization of his loan

and failed to provide Mr. Hardy withe with requisite RESPA disclosures and copies of the loan documents prior to signing (FAC ¶¶27, 32, 34, 87, 89); These facts were hidden from Mr. Hardy (FAC ¶35). Based on these allegations, this Court finds that Mr. Hardy has pled his (fourth) fraud cause of action against Americas Best with specificity. Accordingly, Americas Best's motion to dismiss this cause of action is denied.

### C.  California's UCL

Mr. Hardy's (seventh) cause of action is based on California's Unfair Competition Law ("UCL"), California Business and Professions Code section 17200, et seq.  This statutory scheme prohibits "unlawful, unfair or fraudulent business act or practice."Cal. Bus. & Prof. Code section 17200. A cause of action under this section must be based on some predicate act involving a violation of some other statute or law. *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999).  Mr. Hardy alleges that Americas Best has engaged in unfair and fraudulent business practices by, inter alia, falsifying loan applications to qualify him as a borrower and deceptively induced Mr. Hardy into a loan with exceedingly unfavorable terms.  Americas Best appears to concede in reply that Mr. Hardy states a UCL claim.  Accordingly, Americas Best's motion to dismiss this claim is denied.

### D.  Breach of Contract

To state a claim for breach of contract under California law, Mr. Hardy must allege: (1) the existence of a contract; (2) Mr. Hardy's performance or excuse for non-performance of the contract; (3) defendants' breach of the contract; and (4) resulting damage. *Armstrong Petroleum Corp. v. Tri-Valley Oil and Gas Company*, 116 Cal. App. 4th 1375, 1390 (2004).

Mr. Hardy's (eighth) breach of contract cause of action alleges that Mr. Gardella entered into an agreement with Mr. Hardy whereby Mr. Hardy promised to provide Mr. Hardy with an affordable loan. Mr. Hardy further alleges that he wanted a fixed-rate loan.  However, Americas Best failed to provide Mr. Hardy with a loan that he desired.

Mr. Hardy fails to allege the existence of a contract.  Although Mr. Hardy asserts that providing a fixed-rate loan was part of the contract, Mr. Hardy's FAC includes an allegation that Mr. Gardella advised Mr. Hardy that the only loan program available for him was an adjustable loan (FAC ¶26).  In addition, Mr. Gardella's "promise" to provide an "affordable loan" is vague, and provides no

7

consideration in exchange for such promise. Thus, Mr. Hardy's allegations amount to an unenforceable promise, not an enforceable contract. Accordingly, Mr. Hardy's breach of contract claim is dismissed against Americas Best.

### E. Breach of Implied Covenant of Good Faith and Fair Dealing

Mr. Hardy's ninth claim alleges that defendants breached the covenant of good faith and fair dealing. "The prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith v. City and County of San Francisco*, 225 Cal.App.3d 38, 49, 275 Cal.Rptr. 17 (1990). The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1093-1094, 8 Cal.Rptr.3d 233 (2004) (citation omitted.) "Without a contractual relationship, [a plaintiff] cannot state a cause of action for breach of the implied covenant." *Smith*, 225 Cal.App.3d at 49, 275 Cal.Rptr. 17.

As discussed above, Mr. Hardy failed to establish the existence of a contract between Mr. Hardy and Americas Best. Because Mr. Hardy cannot state a cause of action for a breach of the implied covenant without a contractual relationship, this claim is dismissed against Americas Best.

### III. MERS' Motion to Dismiss

#### A. Specific Allegations as to MERS

Mr. Hardy asserts that the "current financial crisis in the United States can be directly traced to the creation and operation of Defendant MERS." To understand the basis of Mr. Hardy's claim, and how its relevant to the instant action, a brief explanation of MERS is in order. "MERS is a national electronic registration and tracking system that tracks the beneficial ownership interest and servicing rights in mortgage loans." *In re Hawkins*, 2009 Bankr. LEXIS 877, 5 (D. Nev. 2009). "Created by the real estate finance industry, MERS eliminates the need to prepare and record assignments when trading residential and commercial mortgage loans." *Id*. MERS operates in the following manner:

> [L]oans are registered to a "MERS Member" who has entered into the MERS Membership Agreement. MERS Members enter into a contract with MERSCORP to electronically register and track beneficial ownership interests and servicing rights in MERS registered mortgage loans. MERS Members agree to appoint MERS, which MERSCORP wholly owns, to act as their common agent, or nominee, and to name

8

> MERS as the lienholder of record in a nominee capacity on all recorded security instruments relating to the loans registered on the MERS System. When a promissory note is sold by the original lender to others, the various sales of the notes are tracked on the MERS System.

*Id*.

Mr. Hardy contends that MERS "served nothing more than a shell or front corporation for its 'Members'" and MERS' "primary function was to hide these toxic and fraudulent loans from borrowers, the government, and the investors in the mortgage-backed securities." "After MERS was created, it was impossible for a borrower, their attorney, the courts, the government, or anyone else to identify the actual beneficial owner of any particular loans or the property which was the collateral securing the loan." Mr. Hardy asserts that after the creation of MERS, "from the moment the deed of trust was executed by the borrower, there was no true 'beneficiary' under the deed of trust." As a result, "all subsequent assignments of any interest in the loan and deed of trust were known by the MERS Members...to be fraudulent and unlawful." In addition, "the servicing rights to these predatory loans" were "transferred to other predatory entities...for the specific purpose of forcing the borrower to refinance the loan, taking much of the equity through high fees and prepayment penalties, or ultimately foreclose on the residence and take the borrowers home, without any right to do so."

In this action, MERS was included on Mr. Hardy's deed of trust as both nominee and beneficiary. Mr. Hardy asserts that the "nominee" status is a "legal fiction" and it is "unclear exactly what interest...MERS acquired in its capacity as 'nominee.'" Mr. Hardy similarly attacks MERS' status as beneficiary. Mr. Hardy contends that MERS' active management of his loan caused his property to be noticed for a Trustee's Sale. Mr. Hardy maintains that none of the defendants, including MERS, had the right to assign the deed of trust to Indymac and, as a result, Indymac had no right to file a notice of sale.

**B.     Negligence**

The FAC's (second) negligence claim is asserted against all defendants. "The elements of a cause of action for negligence are (1) a legal duty to use reasonable care, (2) breach of that duty, and (3) proximate [or legal] cause between the breach and (4) the plaintiff's injury." *Mendoza v. City of Los Angeles*, 66 Cal.App.4th 1333, 1339, 78 Cal.Rptr.2d 525 (1998) (citation omitted). "The existence of a legal duty to use reasonable care in a particular factual situation is a question of law for the court to

9

decide." *Vasquez v. Residential Investments, Inc.,* 118 Cal.App.4th 269, 278, 12 Cal.Rptr.3d 846 (2004) (citation omitted).

Mr. Hardy argues that MERS owed a duty to Mr. Hardy to perform its administrative duties of recording Mr. Hardy's note and deed in such a manner as to not cause him harm. Mr. Hardy contends that MERS breached this duty when, without proper authority, it assigned Mr. Hardy's note and deed of trust to Indymac, without any right to do so. Mr. Hardy charges that this negligence caused him harm, in that it may lead to the loss of his property through foreclosure.

This Court is not persuaded that MERS owed a duty to Mr. Hardy. Mr. Hardy has pointed to no authority to establish that MERS owes a duty of care to the mortgagors for the deeds of trust held in its institution. Moreover, though MERS was not the lending institution or trustee, the Court finds guidance in California state law in those areas. Generally, barring an assumption of duty or a special relationship, "financial institutions owe no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1096, 283 Cal. Rptr. 53 (1991). Although California law imposes a fiduciary duty on a mortgage broker for the benefit of the borrower, no such duty is imposed on a lender. *UMET Trust v. Santa Monica Med. Inv. Co.*, 140 Cal.App.3d 864, 872-73, 189 Cal. Rptr. 922 (1983). Similarly, the trustee under a deed of trust "is not a true trustee, and owes no fiduciary obligations; [it] merely acts as a common agent for the trustor and beneficiary of the deed of trust...[T]here is no authority for the proposition that a trustee under a deed of trust owes any duties with respect to exercise of the power of sale beyond those specified in the deed and the statutes." *Heritage Oaks Partners v. First American Title Ins. Co.*, 155 Cal.App.4th 339, 345, 66 Cal.Rptr.3d 510 (2007). MERS, as nominee beneficiary, is more similar to the lending institution or trustee than mortgage broker. Accordingly, absent an assumption of duty or special relationship, MERS owed no duty of care to Mr. Hardy. Accordingly, Mr. Hardy's negligence claim against MERS is dismissed.

**B.     Fraud**

As set forth above, the elements of fraud are: (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Lazar*, 12 Cal.4th 631, 638. Mr.

Hardy contends that MERS committed fraud by falsely representing its interest (or lack thereof) in Mr. Hardy's property. In addition, according to Mr. Hardy, MERS' assignment of Mr. Hardy's note was part of a pattern of unlawful activity to conspire with others to utilize the non-judicial foreclosure structure of California law to take Mr. Hardy's property unlawfully.

MERS argues that Mr. Hardy has failed to set forth allegations in sufficient detail to satisfy Fed. R. Civ. P. 9(b) pleading standards. MERS points out that the details of Mr. Hardy's fraudulent conspiracy, while explained in his opposition, are not contained in the FAC. In the FAC, Mr. Hardy alleges that MERS is a nominee for the Lender, is not licenced to be and/or act as a nominee or beneficiary, and is not permitted to act in such a capacity. These allegations alone do not constitute allegations of fraud, and do not amount to the fraudulent scheme as set forth in Mr. Hardy's opposition. Based on the insufficiency of pleading, Mr. Hardy's (sixth) claim of fraud against MERS fails.

**C.     UCL**

As set forth above, a cause of action under this section must be based on some predicate act involving a violation of some other statute or law. *Cel-Tech Communications v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163 (1999). As discussed infra, however, Mr. Hardy's negligence and fraud causes of action fail as to MERS. In addition, Mr. Hardy fails to allege sufficiently details of unfair business practices as it relates to MERS. Accordingly, this Court dismisses Mr. Hardy's (seventh) UCL cause of action against MERS.

**D.     Breach of Implied Covenant of Good Faith and Fair Dealing**

Mr. Hardy's ninth claim alleges that defendants breached the covenant of good faith and fair dealing. As set forth above, a "prerequisite for any action for breach of the implied covenant of good faith and fair dealing is the existence of a contractual relationship between the parties, since the covenant is an implied term in the contract." *Smith*, 225 Cal.App.3d 38, 49. Here, Mr. Hardy argues that as the nominee beneficiary on the deed of trust, the parties have a contractual relationship. Mr. Hardy further contends that MERS breached the covenant of good faith and fair dealing by self-dealing to the detriment of Mr. Hardy. In response, MERS contends that MERS' actions were expressly authorized under the Deed of Trust and did not breach the implied covenant of good faith and fair dealing.

Having read the allegations of the FAC, this Court finds that Mr. Hardy fails to allege how

MERS breached the covenant of good faith and fair dealing. Mr. Hardy's arguments in opposition to the instant motion are not rooted in the allegations of this cause of action, which allege that unspecified defendants initiated foreclosure proceedings against him, sent deceptive letters, and failed to give requisite notice before commencing foreclosure. No allegations of the complaint link MERS to the described activity. Accordingly, this Court dismisses this cause of action against MERS.

## IV.  Motion to Strike

### A.  Standard of Review

Fed. R. Civ. P. 12(f) provides that a court "may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter." "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...." *Sidney-Vinstein v. A.H. Robbins Co.*, 697 F.2d 880, 885 (9th Cir. 1983). A motion to strike under Fed. R. Civ. P. 12(f) is therefore the proper vehicle for a plaintiff to challenge a legally insufficient affirmative defense. 5C Wright & Miller, Federal Practice and Procedure 1380 (3d ed. 2004) ("A motion to strike under Federal Rule 12(f) is the appropriate remedy for the elimination of redundant, immaterial, impertinent, or scandalous matter in any pleading, and is the primary procedure for objecting to an insufficient defense."). "[A] motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law." *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479, n. 34 (C.D. Cal. 1996).

### B.  Attorneys' Fees

Americas Best moves to strike Mr. Hardy's claim for attorneys' fees, arguing that Mr. Hardy fails to state a basis for the recovery of an attorneys' fees award. In opposition, Mr. Hardy points out that RESPA and California's UCL include provisions that allow recovery of attorneys' fees. In reply, Americas Best concedes that attorneys' fees are available under those statutes only. Because Mr. Hardy proceeds on his RESPA and UCL claims against Americas Best, Americas Best's motion to strike Mr. Hardy's attorneys' fees prayer is denied.

### C.  Punitive Damages

Americas Best moves to strike references in the FAC demanding punitive damages. California Civil Code §3294 permits recovery of punitive damages where a defendant has engaged in "oppression,

fraud, and malice." Here, Mr. Hardy claims that Americas Best committed a fraudulent scheme, as detailed in the fraud cause of action above. The allegations in the complaint are sufficient to sustain the punitive damages language at the pleading stage. Accordingly, the motion to strike is denied.

## **CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DENIES in part Americas Best's motion to dismiss as to the fourth, sixth, and seventh causes of action;

2. GRANTS in part Americas Best's motion to dismiss and DISMISSES Mr. Hardy's eighth and ninth causes of action as to Americas Best and Mr. Gardella without prejudice;

3. DENIES in full Americas Best's motion to strike;

4. GRANTS in full MERS' motion to dismiss and DISMISSES Mr. Hardy's third, sixth, seventh, and ninth causes of action as to MERS; and

5. ORDERS Mr. Hardy, no later than October 5, 2009, to file a second amended complaint.

IT IS SO ORDERED.

**Dated:    September 15, 2009**              /s/ Lawrence J. O'Neill
                                              UNITED STATES DISTRICT JUDGE