IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KNOWLEDGE HARDY,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>INDYMAC Federal Bank, et al.,<br><br>　　　　　Defendants.<br>　_____/ | CASE NO. CV F 09-935 LJO SMS<br><br>**ORDER ON DEFENDANTS' MOTIONS TO DISMISS** (Docs. 42, 46) |

## INTRODUCTION

Defendant Mortgage Electronic Registration System, Inc. ("MERS") moved for an entry of dismissal of plaintiff Knowledge Hardy's ("Mr. Hardy's ") claims against it for failure to obey this Court's order to file an amended complaint, pursuant to Fed. R. Civ. P. 41(b). Defendants Americas Best Home Loans ("AMHL") and Joe Gardella ("Mr. Gardella") (collectively "Americas Best") also moved to dismiss Mr. Hardy's claims for failure to file an amended complaint. Mr. Hardy filed no opposition to these motions. For failure to obey this Court's order to file a second amended complaint no later than October 5, 2009, this Court GRANTS defendants' motions to dismiss and DISMISSES defendants MERS, Americas Best, and Mr. Gardella from this action with prejudice. In addition, this Court ORDERS Mr. Hardy to SHOW CAUSE, no later than November 17, 2009, why this Court should not dismiss this action in its entirety for failure to obey this Court's September 15, 2009 order.

///

**BACKGROUND**[1]

Mr. Hardy's claims arise from his refinance of a loan secured by real property commonly known as 3304 Cardinal Flower Way in Modesto, California. On July 24, 2009, Mr. Hardy filed an FAC to allege ten causes of action against defendants MERS, ABHL, and Mr. Gardella, and defendants INDYMAC Federal Bank, Sterns Lending, Inc., and Quality Loan Service Corp. Mr. Hardy alleged the following causes of action against MERS and Americas Best:

    3.  Negligence (against all defendants)
    4.  Violation of Real Estate Settlement Procedures Act, 12 U.S.C. §2605 ("RESPA") (against Americas Best);
    6.  Fraud (against all defendants)
    7.  Violation of California Business and Professions Code §17200 (against all defendants);
    8.  Breach of Contract (against Mr. Gardella)
    9.  Breach of Implied Covenant of Good Faith and Fair Dealing (against all defendants)

In July 2009, MERS moved to dismiss Mr. Hardy's third, sixth, seventh, and ninth causes of action. In August 2009, Americas Best moved to dismiss Mr. Hardy's fourth and sixth through ninth causes of action and to strike language in the complaint that refers to Mr. Hardy's prayer for recovery of attorneys' fees and punitive damages. Mr. Hardy opposed the motions to dismiss. MERS and America's Best replied. In a September 15, 2009 order, this Court denied in part Americas Best's motion to dismiss as to the fourth, sixth, and seventh causes of action; granted in part Americas Best's motion to dismiss and dismissed Mr. Hardy's eighth and ninth causes of action without prejudice; denied Americas Best's motion to strike; granted MERS' motion to dismiss and dismissed Mr. Hardy's third, sixth, seventh, and ninth causes of action as to MERS. In addition, this Court granted Mr. Hardy leave to amend and ordered Mr. Hardy, no later than October 5, 2009, to file a second amended complaint. Order on Defendants' Motions to Dismiss and Strike ("September 15 Order"), p. 13 (Doc. 41). Mr. Hardy failed to file an amended complaint.

Thereafter, on October 23, 2009, MERS moved to dismiss Mr. Hardy's action pursuant to Fed. R. Civ. P. 41(b). America's Best moved to dismiss on November 4, 2009. Mr. Hardy filed no opposition. This Court finds these motions suitable for a decisions without a hearing, VACATES the November 23, 2009 hearings pursuant to L.R. 78-230(h), and issues the following ruling.

---

[1] The facts from the complaint are taken as true. *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

## DISCUSSION

### Fed. R. Civ. P. 41(b) Standards

MERS and Americas Best moved to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b), which provides: "If the plaintiff fails to prosecute...or comply with a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)...operates as an adjudication on the merits." When a plaintiff fails to amend his complaint after the Court dismisses the complaint with leave to amend, this Court may dismiss the action pursuant to Fed. R. Civ. P. 41(b) for failure to obey a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Yourish v. California Amplifier*, 191 F.3d 989 (9th Cir. 1999).

When dismissing an action as a sanction, this Court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket' (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998). This Court may dismiss an action as a sanction "where at least four factors support dismissal,...or where at least three factors 'strongly' support dismissal.'" *Id*. This Court considers each of these five factors below.

### Public's Interest in Expeditious Resolution of Litigation

The first factor strongly favors dismissal of this action. The "public's interest in expeditious resolution of litigation always favors dismissal." *Yourish*, 191 F.3d at 190. All parties in this action have acted in the public's interest to expedite the resolution of this litigation, with the exception of Mr. Hardy. In this Court's September 15 Order, this Court allowed Mr. Hardy 20 days in which to prepare and file his second amended complaint. Not only did Mr. Hardy miss the October 5, 2009 deadline, he continues to fail to file an amended complaint and failed to oppose the motions to dismiss his claims against Defendants. The failure to amend his complaint has caused undue delay in this action. Moreover, Mr. Hardy has provided no excuse to his inaction and has shown no intention to take steps to resolve this action in the future. *See Moneymaker v. CoBen*, 31 F.3d 1447, 1452 (9th Cir. 1994). Thus, Mr. Hardy's actions not only disobey this Court's order, they contradict the public's interest in an expeditious resolution of litigation. Accordingly, this factor strongly favors dismissal of this action.

### Court's Need to Manage its Docket

The Court's need to manage its docket strongly favors dismissal. The Eastern District of California has the highest weighted filings per judgeship in the United States of America. *Responding to the Growing Need for Federal Judgeships: The Federal Judgeship Act of 2009: Hearing Before the United States Senate Committee on the Judiciary*, 111th Congr. (September 22, 2009) (statement of The Hon. Lawrence J. O'Neill, United States District Court Judge). As a result, this Court must manage its docket efficiently, expeditiously, and judiciously. Mr. Hardy was notified through service of this Court's September 15 Order that he had 20 days in which to file a second amended complaint. Mr. Hardy's failure to amend his complaint, and failure to oppose these motions, caused this litigation to "come to a complete halt" allowing Mr. Hardy "to control the pace of the docket rather than the court." *Yourish*, 191 F.3d at 990. Mr. Hardy's actions have interfered with this Court's need to manage its docket, and strongly favor dismissal of this action.

### Risk of Prejudice to Defendants

This third factor strongly favors dismissal. When considering the risk of prejudice to Defendants, this Court considers Mr. Hardy's reason for failing to comply with this Court's order to file an amended complaint. *Yourish*, 191. F.3d at 991. Here, Mr. Hardy fails to show good cause, or any cause, for his failure to file an amended complaint. If Mr. Hardy intended to abandon his claims, Mr. Hardy should have so indicated to the Court. Instead, Mr. Hardy's inexcusable actions forced Defendants to raise these motions, causing Defendants, and this Court, to waste precious resources. Although this Court dismissed some of Mr. Hardy's claims through Defendants' Fed. R. Civ. P. 12(b)(6) motions, this Court granted Mr. Hardy leave to amend and further denied Defendants' motions to dismiss on some of Mr. Hardy's claims. Thus, Defendants continue to defend themselves against Mr. Hardy's claims while Mr. Hardy takes no action to prosecute his claims or to comply with Court orders. Allowing Mr. Hardy to continue this action without a demonstration of good cause why he has failed to obey this Court's order is prejudicial to Defendants.

### Policy Favoring Disposition of Cases on the Merits

The policy favoring disposition of a case on its merits favors resolution of this matter. Mr. Hardy, however, has failed to advance an argument that he would take steps to resolve this action

through disposition.  Accordingly, this factor is neutral.

### Availability of Less Drastic Sanctions

Dismissal of an action is a drastic sanction, however, Mr. Hardy's actions–failure to obey this Court's order, failure to file an amended complaint, and failure to oppose these motions to dismiss–demonstrate that no less drastic sanctions are available.  This Court could allow Mr. Hardy to replead his action as a less drastic sanction, but Mr. Hardy has not requested a lesser sanction and has not indicated that he would replead this action if given the chance.  Accordingly, this factor is not fatal to Defendants' motions for entry of dismissal.

### Conclusion

Because three factors strongly favor dismissal of this action, this Court finds dismissal of Defendants from this action is an appropriate sanction for Mr. Hardy's failure to obey this Court's September 15 Order to file an amended complaint.

### **CONCLUSION AND ORDER**

For the foregoing reasons, this Court:

1. VACATES the November 23, 2009 motion hearings;
2. DISMISSES with prejudice defendants Mortgage Electronic Registration System, Inc., Americas Best Home Loans, and Joe Gardella;
3. DIRECTS the clerk of court to terminate defendants Mortgage Electronic Registration System, Inc.,  Americas Best Home Loans, and Joe Gardella from this action; and
4. **ORDERS Mr. Hardy TO SHOW CAUSE, <u>no later than November 17, 2009</u>, why this Court should not dismiss the remaining defendants INDYMAC Federal Bank, Sterns Lending, Inc., and Quality Loan Service Corporation from this action. Failure to comply with this Court's order shall result in dismissal of this action in its entirety with prejudice.**

IT IS SO ORDERED.

**Dated:   November 10, 2009**            /s/ Lawrence J. O'Neill
                                                                  UNITED STATES DISTRICT JUDGE