1
2
3
4
5
6
7 **IN THE UNITED STATES DISTRICT COURT**
8 **FOR THE EASTERN DISTRICT OF CALIFORNIA**
9
10 KNOWLEDGE HARDY,                          CASE NO. CV F 09-935 LJO SMS
11           Plaintiff,                     **ORDER TO DISMISS AND CLOSE ACTION**
12      vs.
13 INDYMAC Federal Bank, et al.,
14           Defendants.
                                    /
15
16                          **INTRODUCTION**
17      On November 10, 2009, this Court granted defendants Mortgage Electronic Registration System,
18 Inc.'s ("MERS'"), Americas Best Home Loans's ("AMHL's") and Joe Gardella's ("Mr. Gardella's")
19 (AMHL and Mr. Gardella are collectively referred to as "Americas Best") motion for an entry of
20 dismissal of plaintiff Knowledge Hardy's ("Mr. Hardy's ") claims against it for failure to obey this
21 Court's order to file an amended complaint, pursuant to Fed. R. Civ. P. 41(b).  Defendants' motions
22 were unopposed by Mr. Hardy until after this Court's order was signed.  In addition to his untimely and
23 unintelligible response, Mr. Hardy filed a notice of voluntary dismissal on November 10, 2009.  For the
24 following reasons, this Court REAFFIRMS its dismissal with prejudice of defendants MERS, AMHL,
25 and Mr. Gardella based on this Court's November 10, 2009 Order (Doc. 52), DISMISSES without
26 prejudice the remaining defendants INDYMAC Federal Bank, Sterns Lending, Inc., and Quality Loan
27 Service pursuant to Mr. Hardy's Fed. R. Civ. P. 41(a) voluntary dismissal, EXTINGUISHES the order
28 to show cause against Mr. Hardy, and DIRECTS the clerk of court to CLOSE this action.

                                    1

**BACKGROUND**

Mr. Hardy's claims arise from his refinance of a loan secured by real property commonly known as 3304 Cardinal Flower Way in Modesto, California. On July 24, 2009, Mr. Hardy filed an FAC to allege ten causes of action against defendants MERS, ABHL, and Mr. Gardella, and defendants INDYMAC Federal Bank, Sterns Lending, Inc., and Quality Loan Service Corp.

In a September 15, 2009 order, this Court denied in part Americas Best's motion to dismiss as to the fourth, sixth, and seventh causes of action; granted in part Americas Best's motion to dismiss and dismissed Mr. Hardy's eighth and ninth causes of action without prejudice; denied Americas Best's motion to strike; granted MERS' motion to dismiss and dismissed Mr. Hardy's third, sixth, seventh, and ninth causes of action as to MERS. In addition, this Court granted Mr. Hardy leave to amend and ordered Mr. Hardy, no later than October 5, 2009, to file a second amended complaint. Order on Defendants' Motions to Dismiss and Strike ("September 15 Order"), p. 13 (Doc. 41). Mr. Hardy failed to file an amended complaint.

Thereafter, on October 23, 2009, MERS moved to dismiss Mr. Hardy's action pursuant to Fed. R. Civ. P. 41(b). Americas Best joined the motion for entry of dismissal on November 4, 2009. Mr. Hardy filed no opposition on or before November 9, 2009, the date oppositions were due. This Court found the motions suitable for a decisions without a hearing and vacated the November 23, 2009 hearings pursuant to L.R. 78-230(h). In its November 10, 2009 Order, this Court granted MERS' and Americas Best's motions for entry of dismissal of this action. This Court considered the five factors set forth in *Yourish v. California Amplifier*, 191 F.3d 989 (9th Cir. 1999). The Court concluded that three factors strongly favored dismissal; namely, the public's interest in the expeditious resolution of litigation, this Court's need to control its docket, and the risk of prejudice to defendants. In addition to dismissing MERS and Americas Best, this Court ordered Mr. Hardy to show cause why it should not dismiss this action in its entirety for failure to comply with this Court's September 15 Order.

On November 10, 2009, after this Court's order was signed, Mr. Hardy filed "responses" to the motions to dismiss. The motions were untimely and non-responsive to the motions. Additionally, Mr. Hardy filed a notice of voluntary dismissal of this action without prejudice. Based on Mr. Hardy's filings, this Court issues the following order to dismiss the remaining defendants and close this action.

## DISCUSSION

### Reaffirming Fed. R. Civ. P. 41(b) Dismissal

MERS and Americas Best moved to dismiss this action with prejudice pursuant to Fed. R. Civ. P. 41(b), which provides: "If the plaintiff fails to prosecute...or comply with a court order, a defendant may move to dismiss the action or any claim against it.  Unless the dismissal order states otherwise, a dismissal under this subdivision (b)...operates as an adjudication on the merits."  When a plaintiff fails to amend his complaint after the Court dismisses the complaint with leave to amend, this Court may dismiss the action pursuant to Fed. R. Civ. P. 41(b) for failure to obey a court order. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Yourish v. California Amplifier*, 191 F.3d 989 (9th Cir. 1999).

When in dismissing Mr. Hardy's claims against MERS and Americas Best, this Court considered five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket' (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998).   The Court found that the first factor strongly favors dismissal of this action as "[a]ll parties in this action have acted in the public's interest to expedite the resolution of this litigation, with the exception of Mr. Hardy." November 10 Order, p. 3.  The Court found that the second factor strongly favors dismissal, because "Mr. Hardy's failure to amend his complaint, and failure to oppose these motions, caused this litigation to "come to a complete halt" allowing Mr. Hardy "to control the pace of the docket rather than the court." November 10 Order, p. 4 (citing *Yourish*, 191 F.3d at 990).  This Court found that the third factor strongly favors dismissal, Mr. Hardy failed to show good cause, or any cause, for his failure to file an amended complaint. *Id*.

Mr. Hardy's untimely and unintelligible "responses" to the motions do not change this Court's October 10 Order.  Mr. Hardy fails to address the five factors of *Yourish*.  Mr. Hardy's responses are non-responsive to MERS' and Americas Best's arguments that Mr. Hardy has failed to comply with this Court's September 15 Order.  Mr. Hardy makes no attempt to explain why he failed to file an amended complaint as ordered by this Court.  Mr. Hardy's untimely and inapposite responses, and the timing of his notice of voluntary dismissal, demonstrate that Mr. Hardy's interest in gamesmanship trumps his interest in obeying this Court's orders and his counsel's duties as an officer of this Court.

In reaffirming this Court's order to grant MERS' and Americas Best's motions for entry of dismissal, this Court considers the fourth factor to favor dismissal with prejudice. The policy favoring disposition of a case on its merits favors resolution of this matter. Mr. Hardy has failed to advance an argument that he would take steps to resolve this action through disposition and attempted to dismiss his claims against MERS and Americas Best without prejudice. Unlike a voluntary dismissal pursuant to Fed. R. Civ. P. 41(a), this Court's dismissal pursuant to Fed. R. Civ. P. 41(b), "operates as an adjudication on the merits." Because the parties are entitled to a merits determination of this action, the fourth factor also favors dismissal in this action.

Despite the sequence on the docket, this Court's order was signed *before* Mr. Hardy filed his responses. Mr. Hardy has no right to dismiss MERS and Americas Best without prejudice once the merits of his claims against them have been considered by this Court. *Villegas v. Princeton Farms, Inc.*, 893 F.2d 919 (7th Cir. 1990). Since this Court had determined the merits of Mr. Hardy's claims against MERS and Americas Best before Mr. Hardy's Fed. R. Civ. P. 41(a) dismissal, Mr. Hardy's notice of dismissal does not affect this Court's October 10 Order to dismiss with prejudice MERS and Americas Best pursuant to Fed. R. Civ. P. 41(b). Accordingly, this Court reaffirms its October 10 Order to dismiss MERS, AMBL and Mr. Gardella from this action with prejudice.

### Fed. R. Civ. P. 41(a) Voluntary Dismissal

In its November 10 Order, this Court ordered Mr. Hardy to show cause why this Court should not dismiss the remaining defendants for failure to comply with this Court's order. On the same day, Mr. Hardy filed a notice of voluntary dismissal, pursuant to Fed. R. Civ. P. 41(a). Because no opposing party has filed either an answer or a motion for summary judgment in this matter, Mr. Hardy has "an absolute right to voluntarily dismiss his action." *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Mr. Hardy's notice of dismissal pursuant Fed. R. Civ. P. 41(a) "automatically terminate[d] the action...leav[ing] no role for the court to play." *Commercial Space Mgmt. Co. v. Boeing Co.*, 193 F.3d 1074, 1077-78 (9th Cir. 1999). Thus, Mr. Hardy's notice of dismissal operated to dismiss the remaining defendants without prejudice. Accordingly, this Court extinguishes its order to show cause against Mr. Hardy, dismisses the remaining defendants pursuant to Mr. Hardy's Fed. R. Civ. P. 41(a) dismissal, and directs the clerk of court to close this action.

4

## CONCLUSION AND ORDER

For the foregoing reasons, this Court:

1.   REAFFIRMS its dismissal with prejudice defendants Mortgage Electronic Registration System, Inc.,  Americas Best Home Loans, and Joe Gardella;

2.   DISMISSES the remaining defendants INDYMAC Federal Bank, Sterns Lending, Inc., and Quality Loan Service Corp without prejudice, pursuant to Mr. Hardy's notice of voluntary dismissal;

3.   EXTINGUISHES the November 10 Order's order to show cause; and

4.   DIRECTS the clerk of this court to close this action.

IT IS SO ORDERED.

**Dated:    November 12, 2009**                          **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE